Dear Representative Barrow:
You have asked our office to provide an opinion clarifying the applicability of Act 729 of the 2010 Regular Session ("Act 729"), which amends La.R.S. 33:2740.67(C)(1), (2) and (3) relative to membership of the Greenwell Springs-Airline Economic Development District.
Your letter indicates that at the time Act 729 took effect, upon the signature of the Governor on June 29, 2010, the Board of Commissioners ("Board") was in place as provided for in the original enabling legislation, Act 98 of the 2007 Regular Session. Prior to the effectiveness of Act 729, one board member provided written notice of his resignation. You have asked our office whether the vacancy created by the resignation should be filled under the prior legislation, Act 98 of the 2007 Regular Session, or whether the entire board should be removed and a new board installed under Act 729.
The nine-member composition of the Board as it existed prior to the 2010 revision was as follows:
• The president of the Monticello Civic Association or his designee;
• The president of the Park Forest Civic Association or his designee;
• The branch manager of Liberty Bank and Trust Company located within the district or his designee;
• Two members appointed by the state representative for House District No. 29;
• Two members appointed by the state senator for Senate District No. 15;
• One member appointed by the mayor-president of the city of Baton Rouge and the parish of East Baton Rouge; and
• One member appointed by the member or members of the governing authority of the parish of East Baton Rouge.
The initial terms of the members appointed by the state representative, state senator, mayor-president and governing authority were set up to be staggered, one member serving one year, one serving two years, one serving three years, and one serving four *Page 2 
years as determined at the first meeting of the Board. After the initial term, the subsequent term of all the aforementioned members was to be four years. The presidents of Monticello Civic Association and Park Forest Civic Association and the branch manager of Liberty Bank were to serve during the terms of their office, or, if a designee, at the pleasure of the appointing authority.
After the Governor signed Act 729 into law, the composition of the nine-member Board was as follows:
• Two members appointed by the state representative for House District No. 29, one of whom shall be a representative of the business community;
• Two members appointed by the state senator for Senate District No. 15;
• One member appointed by the mayor-president of the parish of East Baton Rouge;
• One member appointed by the member or members of the governing authority of the parish of East Baton Rouge who represent the district;
• One member appointed by the owner of the largest parcel of land located within the district;
• The branch manager of a bank located within the district to be selected by a subcommittee formed by the Board; and
• One representative of a civic association located within the district to be selected by a subcommittee formed by the Board.
Under the 2010 amendments to La.R.S. 33:2740.67(C)(1), some of the qualifications for members remained the same. There are still two members appointed by the state senator for Senate District No. 15, one member appointed by the mayor-president of East Baton Rouge, one member appointed by the governing authority of East Baton Rouge, and two members appointed by the state representative for House District No. 29, although now, one of those appointed members must be a representative of the business community. The revision eliminated the requirement that the president of Monticello Civic Association, the president of the Park Forest Civic Association and the branch manager of Liberty Bank and Trust Company located within the district, or their respective designee, serve. After Act 729 took effect, the membership qualifications changed to now require one member appointed by the owner of the largest parcel of land located within the district, the branch manager of a bank located within the district as selected by a subcommittee of the Board and one representative of a civic association as selected by a subcommittee of the Board.
You have indicated that the member who resigned prior to the effective date of Act 729 was the branch manager of Liberty Bank and Trust Company and that La.R.S. 33:2740.67(C)(4) provides that "[a]ny vacancy which occurs prior to the expiration of the term for which a member of the board has been appointed shall be filled for the remainder of the unexpired term in the same manner as the original appointment."
As of June 29, 2010, the effective date of Act 729, the explicit language of La.R.S. 33:2740.67(C)(3) indicates the legislature intended for the president of the Monticello *Page 3 
Civil Association, the president of the Park Forest Civic Association and the branch manager of Liberty Bank and Trust Company to cease serving as members on the Board, their terms ending immediately upon the effective date of Act 729:
(a) The terms of appointed members serving on the board on the effective date of this Paragraph shall terminate on the effective date of this Paragraph.
(b) The president of the Monticello Civil Association, the president of the Park Forest Civic Association, the branch manager of Liberty Bank and Trust Company, and any of their designees, shall not continue to serve on and after the effective date of this Paragraph. However, any such president or branch manager shall be eligible to serve on the board pursuant to Subparagraphs (1)(f) and (g) of this Subsection.
As provided above, these individuals are still eligible to serve, but only if these members are selected by the subcommittee to serve, as described in La.R.S. 33:2740.67(C)(1)(f) and (g).
Your opinion request specifically asks whether the vacancy created by the resignation of the Liberty Bank and Trust Company branch manager must be filled according to the qualifications as described by the statute in its previous or current form. For the reasons outlined above, it is the opinion of this office that when Act 729 took effect, the position belonging to the Liberty Bank and Trust Company branch manager was no longer vacant, as the term of that appointment was terminated. To fill the positions on the Board created by Act 729, the Board should inform the owner of the largest parcel of land located within the district that he or she must appoint an individual to serve on the Board, as indicated by La.R.S. 33:2740.67(C)(1)(e); form a subcommittee to select the branch manager of a bank located within the district to serve, as described by La.R.S. 33:2740.67(C)(1)(f); and this same subcommittee, or another one formed by the Board, should select one representative of a civic association located within the district to serve, as described by La.R.S. 33:2740.67(C)(1)(g).
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB